## STEWART *v.* KRAMER *et al.*

*Simmons, C. J.*—Where a growing crop was mortgaged to secure advances with which to make the same, and after its maturity was sold under a common law execution against the mortgagor, this execution was entitled to the proceeds of the sale as against an execution issued upon a foreclosure of the mortgage, it appearing that the common law execution had been entered upon the general execution docket before the mortgage was given, and the mortgagee not being a person entitled to a statutory lien upon the crop for such advances.          *Judgment affirmed.*

May 23, 1896. By two Justices. Argued at the last term.

Rule against constable.    Before Judge Harris.    Carroll superior court.    April term, 1895.

A fund of $100.36 was raised by the levy of two justice's court *fi. fas.* in favor of E. G. Kramer.    The *fi. fas.* were against J. H. Marchman, dated April 7, 1893, recorded April 15, 1893, and based on judgments dated April 1, 1893.    Stewart claimed under mortgage *fi. fa.* in favor of himself against Marchman for $209.50, "to be levied of four fifths of the entire cotton crop of Marchman for 1894, consisting of 40 acres more or less on lot 66 in 11th district" of Carroll county; said *fi. fa.* based on mortgage dated May 25, 1894, recorded the same day, describing said property.    The fund was realized from the sale of Marchman's cotton crop for 1894.    Upon the trial Stewart testified, that the consideration of the mortgage debt was supplies and necessaries he as a merchant furnished Marchman for the year 1894, to enable him to make a crop; that Marchman was insolvent; and that he furnished Marchman the goods on the faith of the crop he would make said year.    Marchman testified, that the money in the hands of the constable was realized from sale of crop

of cotton mortgaged by him to Stewart; that the consideration of the mortgage debt was supplies Stewart had furnished him in 1894 to make the cotton mortgaged to him; that it was only through the supplies so furnished that he was enabled to make the crop; and that the crop was raised on land that he occupied as his own and owned before the rendition of the Kramer judgments, the title being in a loan company to secure borrowed money.    The court awarded the money to the Kramer *fi. fas.*, and adjudged that Stewart pay the costs, to which ruling Stewart excepted.

*Capers Hodnett* and *Cobb & Brother*, for plaintiff in error.    *Sidney Holderness*, contra.